USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/27/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

NATHAN McKUNE,

        Plaintiff,

  - against -

S. HOLLIDAY, MS. JACKSON, and NEW
YORK STATE DEPARTMENT OF CORRECTIONS,

        Defendants.

------------------------------------x

**O R D E R**

07 Civ. 9771 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Plaintiff moves this Court pursuant to 28 U.S.C. § 1915(e) for appointment of counsel. When deciding whether to appoint a lawyer for an indigent party in a civil action, the following criteria are applied: (1) the merits of the party's claims; (2) ability to pay; (3) plaintiff's efforts to obtain a lawyer; (4) the availability of a lawyer; and (5) plaintiff's ability to gather and deal with the relevant facts. See Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). The threshold requirement is a showing of sufficient likelihood of success on the merits to warrant the appointment of counsel. See, e.g., McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121 (2d Cir. 1988). When evaluating the merits, pro se complaints are held to a less stringent standard. Haines v. Kerner, 404 U.S. 519 (1972).

    Based upon the record submitted to date, I cannot conclude that plaintiff has demonstrated a likelihood of success on the

merits that would support the appointment of counsel. Thus, the application is denied without prejudice to reconsideration at a later time should future developments warrant a different result.

**IT IS SO ORDERED.**

DATED:   New York, New York
         May 23, 2008

                                                  _____
                                                  NAOMI REICE BUCHWALD
                                                  UNITED STATES DISTRICT JUDGE